UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAMILTONHAUSEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RON BROOMFIELD, et al.,<br><br>　　　　　Defendants. | Case No.  5:22-cv-00465 EJD<br><br>**ORDER OF SERVICE** |

Plaintiffs, two inmates at San Quentin State Prison (SQSP) formerly proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated their rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to SQSP.[1]  Plaintiffs are now represented by counsel, and their complaint (ECF No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A.[2]

---

[1] Plaintiffs refer to the transfer as taking place in 2019, but the Court understands them to mean 2020.

[2] Plaintiffs' case, along with a number of other cases making similar claims about the May 2020 CIM-SQSP transfer, was assigned to the Honorable Judge William H. Orrick for the limited purpose of addressing common questions including whether Defendants are entitled to qualified immunity or immunity pursuant to the Public Readiness and Emergency Preparedness (PREP) Act.  *See* ECF No. 10.  Judge Orrick ordered Defendants in this case on July 19, 2022, to show cause why they should be entitled to a different conclusion than the order at ECF No. 59 in case No. 3:22-mc-80066-WHO addressing the common issues.  ECF No. 17.  Defendants specially appeared to file a Notice in 3:22-mc-80066-WHO (ECF No. 71) indicating that Defendants had not been served in several cases, including this one, and requesting that screening and service proceed.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiffs' Complaint

Plaintiffs name as Defendants SQSP warden Ron Broomfield, California Department of Corrections and Rehabilitation (CDCR) Secretary Kathleen Allison, California Correctional Health Care Services (CCHCS) Medical Executive Dr. Alison Pachynski, and CCHCS Director Joseph Bick.

Plaintiffs allege that Defendants Broomfield and Allison "approved/facilitated the transfer of approximately 121 inmates from CIM which had been the most infected prison in Calif. to San Quentin without properly testing" the transferring prisoners. ECF No. 1 at 2-3. They allege that Defendant Bick "directed medical staff not to test these inmates and to [expedite] the transfer despite directive from Gov. Newsom to terminate any/all transfers between state prisons." *Id.* at 3. They allege that SQSP had "no protocol to receive untested inmates." *Id.* Ultimately, "[t]he negligence and deliberate indifference of these officials resulted in a mass outbreak of COVID-19 which an excess of 3000 inmates, including plaintiffs were infected and 29 people lost their lives." *Id.*

Plaintiffs allege the above actions and inactions violated the Eighth Amendment. They seek damages.

## C. Legal Claims

Liberally construed, the allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court ORDERS that service on the following CDCR Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. SQSP Warden Ron Broomfield;

    b. CDCR Secretary Kathleen Allison;

    c. CCHCS Medical Executive Dr. Alison Pachynski;

    d. CCHCS Director Joseph Bick.

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 1), this Order of Service, a CDCR Report

of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiffs.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiffs, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

3. Plaintiffs have paid the filing fee and are not proceeding *in forma pauperis*. They are cautioned that if any defendants do not waive service and are required to be served by the USMS, the USMS may seek reimbursement from Plaintiffs for any costs associated with the service of those defendants.

4.      This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* ECF 10.

5.      All communications by Plaintiffs with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiffs may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6.      Plaintiffs are responsible for prosecuting this case. Plaintiffs must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiffs must file a notice of change of address in every pending case every time they are moved to a new facility.

7.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiffs are cautioned that they must include the case name and case number for this case on any document they submit to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:    August 26, 2022

EDWARD J. DAVILA
United States District Judge